UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MEGACORP LOGISTICS LLC,

        Plaintiff,

    v.

TURVO, INC., et al.,

        Defendants.

Case No. 18-cv-01240-EMC

**ORDER RE JOINT DISCOVERY LETTER BRIEF FILED ON JULY 5, 2018**

Docket No. 61

Currently pending before the Court is a dispute between the parties as to "the propriety of 9 third-party subpoenas Plaintiff served on Turvo's customers and investors on June 29, which call for production on July 13, 2018." Letter at 1 (emphasis omitted). The dispute is related to two motions that the Court is set to hear next week: (1) Defendants' motion to compel arbitration and (2) Defendants' motion to stay discovery pending a decision on the motion to compel arbitration. Because the subpoenas call for production on July 13 – the day after the hearing on the two motions – Defendants argue that, at the very least, the timing is improper. The Court agrees.

Accordingly, the Court hereby rules as follows. The Court construes Defendants' request not as a motion for a protective order but rather as a motion to stay discovery. The Court shall stay discovery for a brief period after the July 12 hearing – more specifically, until July 19, 2018. At the July 12 hearing, the Court will entertain whether there should be a stay of discovery beyond July 19 (*i.e.*, pending a decision on the motion to compel arbitration). Because the Court is staying discovery, it is irrelevant – at least at this juncture – whether the subpoenas were issued in

///

///

this District or in a different district.  *See* Letter at 3 (Plaintiff arguing that "it is the court for the district where compliance is required that must quash or modify a subpoena, not the district where the matter is pleading").

**IT IS SO ORDERED**.

Dated: July 6, 2018

_____
EDWARD M. CHEN
United States District Judge